PROB 12C
(06/17)

January 4, 2021
pacts id: 4513643

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Kevin Serrano (English)                    **Dkt No.:** 18CR01159-001-CAB

**Reg. No.:** 67742-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C felony.

**Date of Revocation Sentence:** November 26, 2019

**Sentence:** Four (4) months' custody; followed by 30 months' supervised release. *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** February 7, 2020

**Asst. U.S. Atty.:**  Caroline P. Han          **Defense Counsel:**     Sara M. Peloquin, Fed. Def., Inc.
                 (619) 546-6968                                         (Appointed)
                                                                        (619) 234-8467

**Prior Violation History:** Yes.  See prior court correspondence.

---

### PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)

Name of Offender: Kevin Serrano                                                January 4, 2021
Docket No.: 18CR01159-001-CAB                                                            Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance.  The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about October 17, 2020, Mr. Serrano used controlled substances, marijuana, and *Xanax*, as evidenced by his admission to the probation officer on December 1, 2020.<br><br>2. On or about December 1, 2020, Mr. Serrano used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on December 1, 2020, which confirmed positive for marijuana metabolite. |

***Grounds for Revocation:*** As to Allegation 1, Mr. Serrano reported to the U.S. Probation Office on December 1, 2020 as instructed.  During this meeting with the undersigned, Mr. Serrano admitted on October 17, 2020, he abused prescription *Xanax*, marijuana, and alcohol in an attempt to commit suicide.  He noted this was his first and only suicidal attempt which was prompted by his friend's murder in April 2020. Mr. Serrano expressed an interest in mental health treatment and/or counseling. The undersigned offered to have Mr. Serrano undergo an assessment with U.S. Probation's vendor for these services.  However, Mr. Serrano indicated he would like to discuss the matter with his pastor.  The undersigned referred Mr. Serrano to the Jane Westin Clinic in San Diego and instructed him to contact them on this same date for mental and emotional health services. Additionally, Mr. Serrano was instructed to contact the undersigned to further discuss his mental health status and need for treatment.  He subsequently failed to contact the probation officer as instructed, which is alleged below.

As to Allegation 2, I have received and reviewed written laboratory notification from Alere Toxicology Services which verify the urine specimen provided by Mr. Serrano on December 1, 2020, confirmed positive for marijuana metabolite. On December 16, 2020, Mr. Serrano was again queried about the aforementioned positive drug test. He reported he has been abusing marijuana, opiates, "syrups," and methamphetamine daily since his release from custody on February 7, 2020, and he maintained he ceased all illicit drug use (including marijuana) on October 17, 2020, as noted above.  Based on Mr. Serrano's report of significant drug abuse, the undersigned recommended he enroll in a residential drug treatment program.  Mr. Serrano negated his substance abuse and stated he did not want to be in a "cage" again. Subsequently, Mr. Serrano was instructed to report to the U.S. Probation Office on December 21, 2020, to further discuss his need for residential drug treatment, as well as his need of a mental health assessment and treatment. Mr. Serrano failed to report to the U.S. Probation Office as instructed, which is alleged below.

It is noted Mr. Serrano submitted two drug tests (February 18 and March 10, 2020) following his release from custody, which were negative for illicit drugs.  However, due to restrictions related to the COVID-19 pandemic, he did not drug test again until December 1, 2020.

PROB12(C)

Name of Offender: Kevin Serrano                                                                January 4, 2021
Docket No.: 18CR01159-001-CAB                                                                            Page 3

---

**(Standard Condition)**
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3.  Mr. Serrano failed to call the undersigned between December 7 and 11, 2020, as instructed by the probation officer.

4.  Mr. Serrano failed to report to the U.S. Probation Office on December 21, 2020, as instructed by the probation officer.

***Grounds for Revocation:*** As to Allegations 3 and 4, Mr. Serrano reported to the U.S. Probation Office on December 1, 2020, at which time concerns regarding Mr. Serrano's mental health came to light. He was subsequently referred to the Jane Westin Clinic in San Diego for immediate mental and emotional health services. In addition, he was instructed to contact the probation officer the following week for a follow-up discussion regarding the possible need to enroll Mr. Serrano in mental health treatment and services through the U.S. Probation Office's vendor for these services. Mr. Serrano subsequently failed to call the probation officer. The undersigned made numerous, unsuccessful attempts to contact or locate Mr. Serrano. However, on December 16, 2020, Mr. Serrano contacted the undersigned. At that time, Mr. Serrano was queried about whether he made any attempt to obtain mental health treatment, to which he indicated he did not. Mr. Serrano was subsequently instructed to report to the U.S. Probation Office on December 21, 2020, which he failed to do. Following his failure to report to the Probation Office, the undersigned again attempted to contact Mr. Serrano and left messages instructing him to call the probation officer. The undersigned has yet to hear from Mr. Serrano and his current whereabouts are unknown.

**VIOLATION SENTENCING SUMMARY**

**SUPERVISION ADJUSTMENT**

Mr. Serrano was released from custody on February 7, 2020, following a revocation of his supervised release which involved new criminal activity, alien smuggling. While residing at the residential re-entry center (RRC), Mr. Serrano absconded from the facility, reportedly due to unspecified problems he had with another resident. Since that time, he has not established any significant residential stability, residing in various areas of Imperial County, as well as in Mexico and San Diego. He typically failed to notify the U.S. Probation officer of changes in his residence in a timely manner. In July 2020, Mr. Serrano's mother reported she caught him smoking marijuana and believed he was working as security guard in a marijuana field. Mr. Serrano has admitted to abusing various drugs daily since his release from custody, including a reported attempt to commit suicide in in which he abused marijuana, alcohol, and prescription *Xanax*. He has tested positive for marijuana use, failed to follow the probation officer's instructions, and his whereabouts are unknown. Therefore, his adjustment to supervision is considered poor.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Serrano is 25 years old. He is single and has not fathered any children. He is also currently unemployed. As noted in the presentence report, Mr. Serrano has a criminal history with convictions for DUI, transporting/selling marijuana, and evading peace officer with wanton disregard for safety of persons or property. He falls in a Criminal History Category IV.

PROB12(C)

Name of Offender: Kevin Serrano                                                           January 4, 2021
Docket No.: 18CR01159-001-CAB                                                                    Page 4

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years.  18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (use of illicit drugs and failure to follow the probation officer's instructions) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.**  USSG § 7B1.4, p.s.  It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation.  The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody.  The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 32 month(s) supervised release, less any term of imprisonment imposed upon revocation.  *The court has imposed an aggregate of four (4) months' custody in this case.* 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Serrano has a significant history of abusing various drugs and he admitted to continued drug abuse since his release from custody following revocation. Mr. Serrano has reported mental and emotional instability.  Currently, the undersigned's attempts to contact or locate Mr. Serrano have been unsuccessful. In addition, Mr. Serrano has demonstrated a lack of residential stability and has significant ties to Mexico, both of which indicate he is a flight risk.  A bench warrant is requested in the interest of protecting the community and ensuring his appearance before the Court to answer to the alleged violation conduct.

PROB12(C)

Name of Offender: Kevin Serrano                                                      January 4, 2021

Docket No.: 18CR01159-001-CAB                                                               Page 5

---

## RECOMMENDATION/JUSTIFICATION

Mr. Serrano reportedly has been abusing drugs on a daily basis since his release from custody on February 7, 2020, following a revocation of his supervised release which involved new criminal activity, alien smuggling. He reported mental and emotional health instability, including a suicide attempt and he continues to abuse drugs. The undersigned has provided Mr. Serrano with resources and opportunities to address his mental health issues which he has failed to take advantage of and refused to address his substance abuse through a residential drug program. Further, he has failed to follow the probation officer's instructions, avoided communication with the undersigned and his current whereabouts are unknown.

It is believed a custodial sanction is appropriate to hold Mr. Serrano accountable for his actions and force his sobriety.  Mr. Serrano has a serious addiction to various drugs and is in dire need of residential substance abuse treatment and possibly mental health treatment as well.  Should the Court find Mr. Serrano in violation of his conditions of supervised release, it is recommended his term of supervised released be revoked with the imposition of six (6) months' custody (the low-end) followed by two (2) years of supervised release under the same conditions previously set by the Court. It is recommended that a residential drug treatment condition be imposed in order to address what is clearly a significant and dangerous substance abuse problem that to date has gone untreated. Ideally, Mr. Serrano should be released directly into a residential drug treatment program, however, should an immediate placement in a residential drug treatment program not be feasible, it is recommended that a 120-day (non-punitive) placement in a Residential Reentry Center (RRC) be imposed, pending entrance into a program approved by the probation officer. Additionally, the following special condition to address Mr. Serrano's mental health, including an assessment and treatment, is recommended:

*Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission.  The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.  Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.*

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on:  **January 4, 2021**

Respectfully submitted:                                     Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by

Ryan Alejandria                                             Lori A. Faubel
U.S. Probation Officer                                      Supervisory U.S. Probation Officer
(619) 557-5521

bmc

PROB12CW

January 4, 2021

## VIOLATION SENTENCING SUMMARY

1.  **Defendant:**   Serrano, Kevin

2.  **Docket No.** (Year-Sequence-Defendant No.)**:**   18CR01159-001-CAB

3.  **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Use of illicit drugs | C |
| Failure to follow USPO instructions | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4.  **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))               [     C     ]
5.  **Criminal History Category** (*See* USSG § 7B1.4(a))                    [     IV     ]
6.  **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [     6 to 12 months     ]

7.  **Unsatisfied Conditions of Original Sentence**:   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | n/a | Community Confinement | n/a |
| Fine ($) | n/a | Home Detention | n/a |
| Other | n/a | Intermittent Confinement | n/a |

PROB12(C)

Name of Offender: Kevin Serrano                                                    January 4, 2021
Docket No.: 18CR01159-001-CAB                                                              Page 7

## THE COURT ORDERS:

    X      AGREE.   A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF
PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE
WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED
VIOLATIONS.

          DISAGREE.   THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR
BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED
RELEASE SHOULD NOT BE REVOKED.

          Other _____

_____

_____

                                                                         1/14/2021
_____                    _____
The Honorable Cathy Ann Bencivengo                           Date
U.S. District Judge