PROB 12C  
(06/17)

February 16, 2022  
pacts id: 4513643

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Kevin Serrano (English)     **Dkt. No.:** 18CR01159-001-CAB

**Reg. No.:** 67742-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C felony.

**Date of Revocation Sentence:** March 5, 2021

**Sentence:** Four (4) month's custody; Two (2) years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** February 7, 2020

**Asst. U.S. Atty.:** Caroline P. Han     **Defense Counsel:** Sara M. Peloquin  
(Appointed)  
(619) 234-8467

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** <br> The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about November 20, 2021, Mr. Serrano used a controlled substance, marijuana, as evidenced by his admission to the probation officer on December 2, 2021. |
| | 2. On November 29, 2021, and January 26, 2022, Mr. Serrano failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine specimens at the U.S. Probation Office, as required. |
| **(Standard Condition)** <br> The defendant must follow the instructions of the probation officer related to the conditions of supervision. | |

*Grounds for Revocation:* As to Allegation 1, Mr. Serrano reported to the U.S. Probation Office on November 23, 2021, and submitted a urine sample which screened positive for marijuana. On December 2, 2021, Mr. Serrano admitted to the probation officer to using marijuana on or before November 20, 2021.

As to Allegation 2, the undersigned received and reviewed the Chain of Custody for Drug Analysis forms which confirm that on the above dates Mr. Serrano failed to submit urine samples as required. On November 23, 2021, the probation officer reviewed written instructions for drug testing with Mr. Serrano and he acknowledged receipt with his signature. Specifically, Mr. Serrano was instructed to call the drug testing line after 8:15 PM the day before each drug testing day to hear if he was to report for testing and report for testing when required in the automated testing line recording. Testing days are Monday through Friday. Drug testing line records indicates Mr. Serrano has failed to call the drug testing line since January 10, 2022.

**(Standard Condition)**
The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

3. On or before January 16, 2022, Mr. Serrano failed to notify the probation officer of his change of address.

<u>*Grounds for Revocation:*</u> As to allegation 3, the undersigned attempted to contact Mr. Serrano at his reported address in San Diego, California, which is a sober living home on February 1, 2022. The house manager, David, advised that Mr. Serrano left the sober living home on or about January 16, 2022.

**(Special Condition)**
Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

4. On February 7, 2022, Mr. Serrano was unsuccessfully discharged from the Mental Health Systems drug treatment program for nonattendance.

<u>*Grounds for Revocation:*</u> As to Allegation 4, on February 7, 2022, the undersigned received a voicemail message from Mr. Serrano's MHS counselor, Michael Meadows, indicating Mr. Serrano was being discharged from the drug treatment program for nonattendance. After completing residential drug treatment at the Volunteers of America program, Mr. Serrano was required to enroll in aftercare treatment services. He enrolled in the MHS outpatient treatment program on November 2, 2021. According to Mr. Serrano's counselor, he had not attended groups since January 17, 2022

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Serrano has performed poorly while on supervised release. His continued noncompliance has resulted in the preparation of a third petition to revoke supervised release. The previously submitted reports noted Mr. Serrano's pattern of drug use, failure to comply with the probation officer's instructions, failure to comply with drug testing, and new criminal conduct. Although Mr. Serrano completed a residential treatment, he relapsed, failed to comply with drug testing, and has made himself unavailable for rehabilitative services. The attempted rehabilitative interventions, including outpatient substance abuse treatment, inpatient substance abuse treatment, participation in the most stringent phase of our drug testing program, and mental health counseling have not deterred his continued noncompliance. Mr. Serrano's whereabouts is presently unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Serrano last residence was at a sober living home in San Diego, California. He is unemployed.

Mr. Serrano's criminal history consists of convictions for driving under the influence, drug offense, and evading a peace officer. Mr. Serrano also committed the offense of alien smuggling while on supervised release.

Mr. Serrano has a history of marijuana, cocaine, and methamphetamine use. According to the PSR, he participated in residential drug treatment in 2016 and 2017, but failed to complete both programs.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to report change of address, marijuana use, failure to comply with drug testing, and failure to comply with drug treatment) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

PROB12(C)

| | |
|---|---|
| Name of Offender: Kevin Serrano | February 16, 2022 |
| Docket No.: 18CR01159-001-CAB | Page 5 |

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>28 month(s)</u> supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of eight months' custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Serrano recently used marijuana, failed to comply with drug testing, and failed to comply with aftercare counseling requirements. He has also failed to follow the instructions of the probation officer and his whereabouts is unknown. It is believed he poses a flight risk and a risk to himself and to the community. Therefore, a bench warrant is recommended.

## RECOMMENDATION/JUSTIFICATION

Mr. Serrano has performed poorly on supervised release. Over the past three terms of supervised release, he has been given numerous opportunities to address his drug addiction, mental health issues, and reoccurring noncompliance through redirection and rehabilitative interventions, and by all appearances, it does not appear he is motivated to embrace the rehabilitation process.

Considering outpatient drug treatment, inpatient drug treatment, drug testing, mental health counseling, and supervision have not deterred Mr. Serrano's continued use of marijuana and noncompliant behavior, it is recommended that his term of supervised release be revoked, and a sentence at the high end of the suggested revocation range, 10 months' custody, be imposed to address the repeated breach of the Court's trust. As Mr. Serrano has demonstrated that he is not amenable to supervision, a term of supervised release to follow incarceration is not recommended.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 16, 2022

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Curtis Ruiz
U.S. Probation Officer
(619) 409-5122

Reviewed and approved:

_____
Paula D. Burke
Supervisory U.S. Probation Officer

*mtn*

PROB12CW                                                                                       February 16, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Serrano, Kevin

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 18CR01159-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to report change of address | C |
| Marijuana use | C |
| Failure to comply with drug testing | C |
| Failure to comply wiht drug treatment | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                          [   IV    ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [  6 to 12 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

PROB12(C)

| | |
|---|---|
| Name of Offender: Kevin Serrano | February 16, 2022 |
| Docket No.: 18CR01159-001-CAB | Page 7 |

**THE COURT ORDERS:**

__x__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____     2/16/2022
The Honorable Cathy Ann Bencivengo     Date
U.S. District Judge